UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN G. LIRA,<br><br>    Plaintiff,<br><br>    v.<br><br>SECURUSTECH.NET, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01274-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>(Doc. 1)<br><br>14-DAY DEADLINE |

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 against Defendants Securustech.net and Robert E. Pickens, as president of Securus.net. (Doc. 1.) Because Plaintiff cannot show that Defendants were acting under color of state law, he is unable to state a claim against them under section 1983. For the following reasons, the Court recommends that this action be DISMISSED for failure to state a claim without leave to amend.

## I. PLAINTIFF'S ALLEGATIONS

According to the sparse allegations in the complaint, on July 21, 2021, Kings County Jail switched telephone service providers to Secrurustech.net. Plaintiff alleges that the "unnecessary change" in services required outside contacts such as family and friends to set up an account and place money in the account before an inmate can communicate with them. Plaintiff asserts that the new system infringes upon inmates' constitutional rights, including access to the courts, due process, and equal protection. More specifically, Plaintiff argues that inmates are unable to

contact their attorneys or bail bondsmen in violation of their First Amendment rights to access to the courts. Plaintiff attempts to proceed as a class action and demands that Securustech.net provide each inmate with their own tablet, in addition to damages.

## II.     LEGAL STANDARDS

### A.  Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court must dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### B.  Section 1983

Prisoners may bring claims under 42 U.S.C. § 1983 against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. In other words, to state a claim under section 1983, a plaintiff "must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011) (quoting *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001)). Additionally, plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373–75 (1976).

A private actor may cause a deprivation of a constitutional right, but he is subjected to liability under section 1983 only when he does so under color of law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 156 (1978). "[A]cting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the

wrongdoer is clothed with the authority of state law.'" *Florer*, 639 F.3d at 922 (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).

To determine whether a private actor's conduct is fairly attributable to the state, the courts follow a two-part approach: (1) the deprivation must be caused by the exercise of a right or privilege created by the state or rule of conduct imposed by the state or a person for whom the State is responsible; and (2) the party charged with the deprivation must be someone "who may fairly be said to be a state actor." *Florer*, 639 F.3d at 922 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The "color of law" or "state actor" requirement is jurisdictional in nature for a section 1983 action. *Gritchen*, 254 F.3d at 812. The Ninth Circuit has recognized at least four different general tests that may aid us in identifying state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020) (quoting *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003)); *accord Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 747 (9th Cir. 2003). There is a presumption that conduct by private actors is not state action. *Florer*, 639 F.3d at 922.

## III.  DISCUSSION

In his civil rights complaint, Plaintiff alleges that Securustech.net, by changing the telephone system at Kings County Jail, prevented inmates' access to the courts and their attorneys in violation of their First and Fourteenth Amendment rights. Plaintiff charges Securustech.net with no other actions. Plaintiff alleges that this "unnecessary change," particularly with the pandemic and lockdowns, has made attorney-client calls more difficult. Plaintiff attempts to file this as a class action, and he seeks to compel Securustech.net to provide each inmate with his own electronic tablet.

In determining whether the defendants' actions as private actors may be treated as state action, the Court starts with the public function test. *Id.* Under Plaintiff's allegations of facts, there is no indication that the State delegated a "public function" to Secrurustech.net, a private phone service provider, or that Defendants participated in a joint activity with the State or jail. Moreover, Plaintiff's complaint does not assert that the government controlled, compelled, or coerced

Defendants to take actions that violate Plaintiff's rights. Because there is not a close nexus between the State and the phone system transition, Secururtech.net's actions cannot be fairly treated as state action.

With respect to Defendant Pickens, Plaintiff only identifies him as the president of Securustech.net. Section 1983 requires the Plaintiff to demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). Here Plaintiff has made no allegations against Pickens, and any claims against him must also be dismissed.

Because this Court finds that neither defendant is a state actor nor acting under color of law, they cannot be held liable under section 1983 for any deprivation of rights suffered by Plaintiff. Accordingly, the Court RECOMMENDS that this case be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to assign a district judge to the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 15, 2021**           /s/ Jennifer L. Thurston
                                          CHIEF UNITED STATES MAGISTRATE JUDGE